IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
JPMORGANCHASE BANK,            )
                               )
          Plaintiff,           )
                               )
     v.                        )    No.  09 C 1833
                               )
WALKER VENTURES, LLC, et al.,  )
                               )
          Defendants.          )
```

MEMORANDUM ORDER

JPMorgan Chase Bank, NA ("Bank") has filed this action against Walker Ventures, LLC and Antoine Walker ("Walker"), asserting a claim of a bit more than $1.5 million against the former on a promissory note and against the latter on his guaranty of that note. Bank's counsel invokes federal jurisdiction on diversity of citizenship grounds, but the doubly problematic aspect of that invocation has triggered the sua sponte issuance of this memorandum order.

As to Walker, Complaint ¶7 identifies his Florida residence but <u>not</u> his state of citizenship, which is not necessarily the same and which is of course the relevant fact for diversity purposes. In that circumstance <u>Held v. Held</u>, 137 F.3d 998, 1000 (7th Cir. 1998) teaches:

> When the parties allege residence but not citizenship, the court must dismiss the suit.

This Court does not ordinarily take our Court of Appeals' mandate in that respect literally, a step that would stick Bank with the need to draft and file another complaint (as well as

paying another $350 filing fee) if--as would seem most likely--diversity does indeed exist.

But in this instance Bank's counsel has also flown in the face of a host of Seventh Circuit cases (one recent example is <u>Wise v. Wachovia Sec., LLC</u>, 415 F.3d 265, 267 (7th Cir. 2006)) that go back a full decade and that repeatedly identify the relevant citizenship for any limited liability company as that of all of its members.

Given that twofold level of inattention to long-established fundamental principles, this Court sees no justification for sparing Bank the consequences of such inattention. Under the circumstances, payment of the $350 price tag that would attach to a new lawsuit, while not having to prepare and file one, does not seem out of line.

On the premise that the defects identified here are curable, this Court enters the following order:

    1. If the required diversity of citizenship in fact exists, on or before April 13, 2009 Bank's counsel must file an appropriate amendment to the Complaint (not a self-contained Amended Complaint) that recasts Complaint ¶¶7 and 8. That amendment must be accompanied by a check for $350 payable to the Clerk of this District Court.

    2. If it is determined that the required total diversity is absent, however, Bank's counsel shall file a

statement to that effect on or before the same date. If counsel were to file neither the amendment specified in paragraph 1 nor the statement referred to in this paragraph, this Court would be constrained to dismiss the Complaint and this action for lack of subject matter jurisdiction (a without-prejudice dismissal, of course).

Because as already indicated the greater likelihood would appear to be that jurisdiction does exist here, this Court is contemporaneously issuing is customary initial scheduling order (which would of course become moot in the event of an earlier dismissal).[1]

                                      _____
                                      Milton I. Shadur
                                      Senior United States District Judge

Date:  March 30, 2009

---

[1] Nothing contained here should be viewed as addressing the subject of in personam jurisdiction, which is addressed in Complaint ¶¶2 through 4.