**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JPMORGAN CHASE BANK,  ) <br>     a national banking association,  ) <br> ) <br>     Plaintiff,  ) <br> ) <br> v.  ) <br> ) <br> WALKER VENTURES, LLC,  ) <br>     a Florida limited liability company,  ) <br> ) <br>     and  ) <br> ) <br> ANTOINE WALKER, an individual,  ) <br> ) <br>     Defendants.  ) | Case No: 09 C 1833 <br><br> Hon. Milton I. Shadur |

**MOTION FOR ENTRY OF JUDGMENT BY CONFESSION**

NOW COMES Plaintiff, JPMorgan Chase Bank, NA, a national banking association ("**Plaintiff**"), by and through its attorneys, Adelman & Gettleman, Ltd., and for its Motion for Entry of Judgment by Confession (the "**Motion**") pursuant to 735 ILCS 5/2-1301 and Federal Rule of Civil Procedure 55, and states as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this case in accordance with 28 U.S.C. § 1332(a), as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and because the parties are citizens of different states.

2. This Court has personal jurisdiction over Walker Ventures under 735 ILCS 5/2-209(a)(7) in that the contract upon which relief is sought against Walker Ventures herein was accepted by Plaintiff in the State of Illinois.

3. This Court has personal jurisdiction over Walker Ventures under 735 ILCS 5/2-209(a)(1) in that Walker Ventures transacts business in this State.

4. This Court has personal jurisdiction over Antoine Walker under 735 ILCS 5/2-209(a)(7) in that the contract upon which relief is sought against Antoine Walker herein was accepted by Plaintiff in the State of Illinois.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a).

## THE PARTIES AND FACTUAL BACKGROUND

6. On March 24, 2009, Plaintiff filed its complaint against Defendants, Walker Ventures, LLC ("**Walker Ventures**") and Antoine Walker (collectively, the "**Defendants**") for breach of promissory note and guaranty, and on April 3, 2009 filed an amendment thereto (the "**Complaint**").

7. An authorized representative of Walker Ventures executed a Promissory Note in favor of Plaintiff dated as of September 14, 2007 in the principal amount of $1,480,500.00 (the "**Promissory Note**"), a copy of which Promissory Note is attached hereto as Exhibit A and by express reference made a part hereof. A copy of the Promissory Note is also attached as Exhibit A to the Complaint.

8. The Promissory Note entitles Plaintiff to, among other things, a judgment by confession, providing on page 2 thereof as follows:

> **CONFESSION OF JUDGMENT.** Borrower hereby irrevocably authorizes and empowers any attorney-at-law to appear in any court of record and to confess judgment against Borrower for the unpaid amount of this Note as evidenced by an affidavit signed by an officer of Lender setting forth the amount then due, attorneys' fees plus costs of suit, and to release all errors, and waive all rights of appeal. If a copy of this Note, verified by an affidavit, shall have been filed in the proceeding, it will not be necessary to file the original as a warrant of attorney. Borrower waives the right to any stay of execution and the benefit of all exemption laws now or

hereinafter in effect. No single exercise of the foregoing warrant and power to confess judgment will be deemed to exhaust the power, whether or not any such exercise shall be held by any court to be invalid, voidable, or void; but the power will continue undiminished and maybe exercised from time to time as Lender may elect until all amounts owing on this Note have been paid in full. Borrower hereby waives and releases any and all claims or causes of action which Borrower may have against any attorney acting under the terms of authority which Borrower has granted herein arising out of or connected with the confession of judgment hereunder.

See Ex. A, at 2.

9. An authorized representative of Walker Ventures executed a Private Client Services Loan Extension agreement on September 15, 2008 (the "**Note Extension**"), whereby Walker Ventures and Plaintiff agreed to extend the maturity date of the Promissory Note from September 12, 2008 to December 12, 2008 (collectively, the Promissory Note and the Note Extension are referred to as the "**Note**"). A copy of the Note Extension is attached hereto as Exhibit B and by express reference made a part hereof. A copy of the Note Extension is also attached as Exhibit B to the Complaint.

10. The Note Extension entitles Plaintiff to, among other things, a judgment by confession, providing as follows:

Each Borrower continues to authorize any attorney at law to appear in an action on the Loan, as modified, at any time the same becomes due, whether by acceleration or otherwise, in any court of record in or of the State where the Loan was executed or of elsewhere, and to waive the issuing or service of process against any or all Borrowers, enter an appearance and to confess judgment in favor of JPMorgan Chase Bank, NA against any or all Borrowers for the amount that may be due under the Loan, as modified, together with costs of suit, and to release all errors and waive all rights of appeal and stay of execution from the judgment rendered. After the judgment is entered against any one or more Borrowers, the powers herein conferred may be exercised as to any one or more of the Borrowers. The death of any Borrower shall not impair the authority herein granted as to the survivor or survivors of such Borrower.

See Ex. B.

11. Walker Ventures failed to satisfy its obligations under the Note on December 12, 2008 (the "**Maturity Date**") or thereafter and is currently indebted to Plaintiff under the Note in the total amount of $1,541,827.91 (consisting of principal of $1,480,500.00 under the Note and $61,372.91 of interest, fees, and costs due thereunder), plus $215.91 of interest per day accruing from and after August 12, 2009 to the date of judgment, and any and all attorneys' and consultant's fees, costs and other expenses incurred after the Maturity Date (collectively, the "**Indebtedness**"). See Affidavit of Joey T. Orr ("**Orr Aff.**") ¶ 7, attached hereto as Exhibit C and incorporated herein by reference.

12. To induce Plaintiff to extend the financial accommodations to Walker Ventures under the Note, Antoine Walker executed a Commercial Guaranty in favor of Plaintiff dated as of September 14, 2007 (the "**Guaranty**," and with the Note, the "**Loan Documents**"), a copy of which Guaranty is attached hereto as Exhibit D and by express reference made a part hereof. A copy of the Guaranty is also attached as Exhibit C to the Complaint.

13. The Guaranty entitles Plaintiff to, among other things, a judgment by confession, providing on page 2 thereof as follows:

> **CONFESSION OF JUDGMENT.** Guarantor hereby irrevocably authorizes and empowers any attorney-at-law to appear in any court of record and to confess judgment against Guarantor for the unpaid amount of this Guaranty as evidenced by an affidavit signed by an officer of Lender setting forth the amount then due, attorneys' fees plus costs of suit, and to release all errors, and waive all rights of appeal. If a copy of this Guaranty, verified by an affidavit, shall have been filed in the proceeding, it will not be necessary to file the original as a warrant of attorney. Guarantor waives the right to any stay of execution and the benefit of all exemption laws now or hereinafter in effect. No single exercise of the foregoing warrant and power to confess judgment will be deemed to exhaust the power, whether or not any such exercise shall be held by any court to be invalid, voidable, or void; but the power will continue undiminished and maybe exercised from time to time as Lender may elect until all amounts owing on this Guaranty have been paid in full. Guarantor hereby waives and releases any and all claims or causes of action which Guarantor

may have against any attorney acting under the terms of authority which Guarantor has granted herein arising out of or connected with the confession of judgment hereunder.

See Ex. D, at 2.

14. Under the Guaranty, Antoine Walker has unconditionally guaranteed, among other things, the full amount of the Indebtedness.

15. The Loan Documents provide for the recovery of Plaintiff's attorneys' fees in connection with the enforcement of the same, including but not limited to the bringing of this Motion, and such amounts are requested hereunder. Plaintiff has expended $29,943.56 in attorneys' fees and costs through August 11, 2009. See Plaintiff's Petition for Attorneys' Fees and Affidavit of Erich S. Buck, attached hereto as Exhibit E and by express reference made a part hereof; see also Ex. C, Orr Aff. ¶ 8.

**RELIEF REQUESTED AND REASONS THEREFOR**

16. By this Motion, Plaintiff respectfully requests that this Court enter an Order of Judgment by Confession, in the form submitted to the Court, against Defendants, jointly and severally, pursuant to Federal Rule of Civil Procedure 55[1] and 735 ILCS 5/2-1301.

17. Section 5/2-1301(c) of the Illinois Compiled Statutes provides in relevant part that:

> Except as otherwise limited by this subsection (c), any person for a debt bona fide may confess judgment by himself or herself or attorney duly authorized, without process. The application to confess judgment shall be made in the county in which the note or obligation was executed or in the county in which one or more of the

---

[1] As this is a Diversity Action and the Loan Documents provide for the application of Illinois law, Illinois law controls in this matter. 735 ILCS 5/2-1301 governs both judgments by confession and by default; hence Plaintiff's citation to Rule 55, the Federal Rule governing default judgment.

defendants reside or in any county in which is located any property, real or personal, owned by any one or more of the defendants.

735 ILCS 5/2-1301(c).

18. Moreover, Section 5/2-1301(c) renders unenforceable any confession of judgment "in any instrument used in a consumer transaction." Id.

19. Walker Ventures has failed to pay the bona fide Indebtedness due under the Note.

20. Antoine Walker has failed to pay the bona fide amounts due under the Guaranty.

21. The Loan Documents were executed by Defendants in Cook County, Illinois, the county in which Plaintiff brings its Motion. See Ex. C, Orr Aff. ¶ 6.

22. As set forth in the Loan Documents, and in the Affidavit of Business Purpose, attached hereto as Exhibit F and by express reference made a part hereof, the loan to Walker Ventures and Antoine Walker's guaranty thereof were for a business purpose.

23. As accordance with the Loan Documents and applicable Illinois law, a duly-authorized attorney has, by the Confession of Judgment, attached hereto as Exhibit G and by express reference made a part hereof, appeared on Defendants' behalf and confessed judgment therefor.

24. As Antoine Walker is not currently a member of the US Armed Forces, judgment by confession may be entered against him. A copy of the Affidavit of Military Service is attached hereto as Exhibit H and by express reference made a part hereof.

25. Notice of this Motion has not been provided Defendants, as no such notice is required under applicable Illinois law. See 735 ILCS 5/2-1301(c) (providing that a person "may confess judgment . . . without process").

WHEREFORE, Plaintiff, JPMorgan Chase Bank, NA, a national banking association, respectfully requests that this Court enter judgment by confession in its favor and against Defendants, jointly and severally, for the amounts due and owing under the Loan Documents in the amount of $1,541,827.91, plus interest and late charges accruing from and after August 12, 2009, and $29,943.56 in attorneys' fees and costs incurred after December 12, 2008 in the enforcement of the Loan Documents and this Motion, and for such other and further relief.

Dated: This 21st day of August, 2009.

                                 JPMORGAN CHASE BANK, NA

                                 By: /s/   Erich S. Buck
                                        One of its Attorneys

HOWARD L. ADELMAN, ESQ. (ARDC # 0015458)
ERICH S. BUCK, ESQ. (ARDC # 6274635)
ADELMAN & GENTLEMAN, LTD.
53 West Jackson Blvd., #1050
Chicago, Illinois 60604
(312) 435-1050
hadelman@ag-ltd.com
ebuck@ag-ltd.com